**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**ELVIS MOTA, #53342-054**                                                                                             **PETITIONER**

**versus**                                                                          **CIVIL ACTION NO. 5:13-cv-207-DCB-MTP**

**BARBARA WAGNER, ERIC H. HOLDER, JR., and**
**CHARLES E. SAMUELS, JR.**                                                                                         **RESPONDENTS**

<u>**MEMORANDUM OPINION AND SANCTION ORDER**</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal and imposition of sanctions. On October 24, 2013, Petitioner Mota, a federal inmate currently incarcerated at the Adams County Correctional Center (ACCC), Natchez, Mississippi, filed this *pro se* Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Upon liberal review of the Petition and Mota's previous habeas cases, the Court has reached the following conclusions.[1]

**I. Background**

Petitioner was convicted of conspiracy to distribute and possession of a controlled substance with intent to distribute in the United States District Court for the Southern District of New York. *U.S. v. Mota*, No. 1:05-cr-1301 (S.D. N.Y. Jan. 30, 2007). As a result, Petitioner was sentenced to serve 130 months in the custody of the Bureau of Prisons (BOP), followed by a 4 -year term of supervised release. Petitioner's conviction and sentence was affirmed by the United States Court of Appeals for the Second Circuit. *See U.S. v. Mota*, No. 07-0221 (2nd Cir. June 24, 2008).

   **A. Southern District of New York filings**

On April 22, 2009, Mota filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the sentencing court construed as a Motion to Vacate pursuant to 28 U.S.C. § 2255. The Motion was dismissed by the Southern District of New York as time- barred. *See Mota v. USA*, No. 1:09-cv-5189 (S.D.N.Y. Oct. 30, 2009). On July 15, 2010, Mota filed another *pro se* application for a

---

[1]A court may "take judicial notice of prior habeas proceedings brought by [a petitioner] in connection with the same conviction." *Bryson v. U.S.*, 553 F.3d 402, 404 (5th Cir. 2008).

writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the sentencing court deemed an unauthorized second or successive § 2255 Motion and transferred to the Second Circuit. *See Mota v Laughlin*, No. 1:10-cv-6698 (S.D. N.Y. Sept. 9, 2010). On January 25, 2011, the Second Circuit denied Mota permission to proceed with the second or successive petition. *See Mota v. Laughlin*, No. 10-4317 (2nd Cir. Jan. 25, 2011).[2]

### B. Southern District of Mississippi filings

On May 19, 2011, Mota filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in this Court. ***See Mota v. Laughlin*, No. 5:11-cv-79 (S.D.Miss. Oct. 21, 2011)**. Mota asserted allegations he previously presented to the Southern District of New York and the Second Circuit, regarding his arrest, prosecution and conviction and he added claims regarding the validity of the immigration detainer lodged against him. He also claimed that his constitutional right of access to the courts was violated by a mail conspiracy between two Assistant United States Attorneys and prison officials. The Court concluded that Mota was challenging the validity of his conviction and sentence, that he failed to satisfy the requirements of the savings clause, that he was not in custody for purposes of the immigration detainer, that his access to the Court claims had already been litigated and any recent conditions claims were not properly pursued in a habeas petition. *See Mota v. Laughlin*, No. 5:11-cv-79 (S.D.Miss. Oct. 21, 2011)(citing § 2255(e); *Pack v. Yusuff,* 218 F.3d 448, 454 (5th Cir. 2000); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987)). Therefore, this Court determined that it was

---

[2]Mota also filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, § 1985, § 1986, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that various officials violated his federally protected rights when he was arrested, searched, subsequently prosecuted, and convicted. The Southern District of New York dismissed Mota's claims, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), Fed. R. Civ. P. 12(h)(3), and *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Mota v. DEA*, No. 1:10-cv-9543 (S.D. N.Y. May 3, 2011). In addition, Mota filed a case involving the same facts under the Federal Tort Claims Act, which was dismissed by the Southern District of New York pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Mota v. USA*, No. 1:10-cv-9623 (S.D.N.Y. Feb. 23, 2011).

without jurisdiction to consider the claims brought in the § 2241 case and dismissed the action.[3]

On June 19, 2012, Mota filed another *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in this Court.  ***See Mota v. Laughlin*, No. 5:12-cv-86 (S.D. Miss. Feb. 8, 2013)**.  In this petition, Mota purported to challenge a 2003 arrest warrant issued by the State of New York based on a conviction for driving under the influence, and he continued to assert challenges to his confinement that he had already presented to either the Southern District of New York, the Second Circuit or this Court.  The Court found that to the extent the petition sought relief based on the 2003 New York arrest warrant, it was dismissed for failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure.  The Court also concluded that Mota was not entitled to mandamus relief and to the extent the petition was repetitive to at least one of Mota's previous habeas cases, it was an abuse of the writ.  The Court entered the following sanction warning:

> The Court is warning Mota that any future attempts of a similar nature will be found to be an abuse of the writ and will likely lead to the imposition of sanctions, including but not limited to monetary fines or restrictions on his ability to file *pro se* actions in this Court.

*See*  Mem. Op. [ECF No.11] at 9, in *Mota v. Laughlin*, No. 5:12-cv-86 (S. D. Miss. 2013).

On January 9, 2013, prior to the disposition of his 2012 habeas petition, Mota filed another *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in this Court.  ***See Mota v. Laughlin*, No. 5:13-cv-5 (S.D. Miss. Feb. 12, 2013).**  The Court found the petition to be repetitive to Mota's previous habeas cases and dismissed the petition as an abuse of the writ.[4]  The Court entered the

---

[3]Mota also filed a *pro se* Complaint pursuant to the Privacy Act, 5 U.S.C. § 552a, in this Court. *See Mota v. CCA*, No. 5:11-cv-92 (S.D.Miss. Jan. 27, 2012).   In this particular case, all of Mota's claims were based on the premise that his criminal conviction and sentence are illegal and the only basis for his custody by the BOP is an immigration detainer.  Therefore, his prison records are inaccurate in violation of the Privacy Act.  The Court concluded that prison records reflecting Mota is a federal inmate convicted of a federal offense currently serving a sentence of imprisonment that has not been overturned or invalidated by any Court are accurate and Mota was not entitled to relief.

[4]The Court also concluded that to the extent the petition asserted any non-repetitive habeas claims, such claims are properly pursued in a § 2255 petition; Mota failed to meet the requirements to proceed under the savings clause;  to the extent the petition could be construed as asserting any new or

following sanction warning:

> The Court is warning Mota that any future attempts of a similar nature will be found to be an abuse of the writ and will lead to the imposition of sanctions, including but not limited to monetary fines or restrictions on his ability to file *pro se* actions in this Court.

*See* Mem. Op. [ECF No.3] at 6-7, in *Mota v. Laughlin*, No. 5:13-cv-5 (S. D. Miss. Feb. 12, 2013). The Court declined to impose more than a sanction warning at that time, noting that Mota filed the petition prior to the sanction warning being issued in *Mota v. Laughlin*, No. 5:12-cv-86. However, the Court stated, "[w]ith that said, the Court finds that Mota is now clearly on notice that any future attempts of a similar nature will be found to be an abuse of the writ and will lead to the imposition of sanctions." *Id.* at 5.

On March 4, 2013, Mota filed his fourth *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in this Court. ***See Mota v. Laughlin*, No. 5:13-cv-27 (S.D. Miss. Apr. 11, 2013)**. In this Petition, Mota details the history of his criminal case and subsequent appeals, his habeas corpus cases, and his other federal court filings. He failed to assert any new grounds for habeas relief, instead he repeated the claims presented in his previous filings and reiterated his belief that he has been "illegally imprisoned for more than 7 years." Pet. [ECF No. 1] at 2. The Court found Mota's repetitive claims to be an abuse of the writ, demonstrating that sanction warnings will not deter him from filing repetitive habeas corpus petitions. Therefore, the Court imposed a monetary sanction in the amount of $100.00, which Mota paid on June 12, 2013.

Mota's fifth *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, was filed in this Court on May 15, 2013. ***See Mota v. Laughlin*, No. 5:13-cv-73 (S.D. Miss. June 27, 2013).** In this Petition, Mota relied on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to argue that he is serving a sentence for a nonexistent offense because certain elements of his offense were not properly determined

---

non-repetitive conditions claims, these claims were not properly pursued in a habeas corpus petition; and that it lacked jurisdiction to provide relief from a final removal order.

by a jury.  The Court found Mota's claims to be properly pursued in a § 2255 petition and dismissed this case for his failure to satisfy the requirements of the savings clause.  The Court declined to find an abuse of the writ, noting that the petition was "Mota's first genuine attempt to satisfy the factors required to proceed under the savings clause." *Id.* at 4.  However, the Court stated, "[w]ith that said, Mota is cautioned that if future habeas petitions are repetitive or raise issues already decided by the Court, these petitions will be found to be an abuse of the writ and expose Mota to additional monetary sanctions." *Id.*

### C.  Present Habeas Petition

In this Petition, Mota details the history of his criminal case and subsequent appeals, his habeas corpus cases, and his other federal court filings.  He fails to assert any new grounds for habeas relief, instead he simply repeats the claims presented in his previous filings and reiterates his belief that his detention is "prolonged, indefinite, arbitrary and illegal." Pet. [ECF No. 1] at 14.  As relief, he is requesting release from incarceration. *Id.* at 15.

## II. Analysis

### A.  Abuse of the Writ

Mota's current petition is yet another challenge to his federal conviction for conspiracy to distribute and possession of a controlled substance with intent to distribute and resulting term of imprisonment.  As detailed above, the validity of this conviction and sentence and the lawfulness of Mota's current imprisonment have been repeatedly upheld by the federal courts.  The Court finds that the repetitive claims presented in the current petition are nothing more than an attempt by Mota to receive a result contrary to the result he previously obtained from either the Southern District of New York, the Second Circuit, or this Court.  The Fifth Circuit has made clear that "[s]ection 2241 is simply not available to prisoners as a means of challenging a result previously obtained from a court considering their petition for habeas relief." *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir.2000).  Therefore, the Court finds that this current request for habeas relief repeats Mota's previous habeas petitions which constitutes

an abuse of the writ. *See Davis v. Fetchel*, 150 F.3d 486, 490-91 (5th Cir. 1998)(finding third § 2241 petition was an abuse of the writ); *Falcetta v. U.S.,* 403 F. App'x 882, 883 (5th Cir. 2010)(finding to the extent inmate's § 2241 petition raises issues already decided it is an abuse of the writ); *Jennings v. Menifee*, 214 F. App'x 406, 407 (5th Cir. 2007)(affirming dismissal of federal inmate's repetitive § 2241 petition as an abuse of the writ); *see also Williams v. Whitley*, 994 F.2d 226, 231 (5th Cir. 1993)(noting that it is "entirely proper" for the district court to *sua sponte* raise the issue of a repetitive petition or abuse of the writ).

### B. Sanctions

Federal Courts have inherent powers "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is the authority to issue sanctions for abusive litigation practices. *Id.; see also Baum v. Blue Moon Ventures, LLC*, 513 F. 3d 181, 189 (5th Cir. 2008)(finding district court has jurisdiction to *sua sponte* impose a pre-filing injunction to deter vexatious filings); *Thomas v. Capital Security Servs., Inc.*, 836 F.2d 866, 877 (5th Cir.1988)(en banc)(finding in relation to Rule 11 sanctions that "the district court is vested with considerable discretion in determining the 'appropriate' sanction to impose").

Mota was clearly warned in previous dismissal orders that a future abuse of the writ finding would lead to the imposition of sanctions. After Mota paid his first monetary sanction, he was specifically warned that future abuse of the writ findings would expose him to *additional* monetary sanctions. As evidenced by the habeas Petition before the Court, Mota has demonstrated that warnings and a monetary sanction in the amount of $100.00, will not deter him from filing repetitive habeas corpus petitions. Therefore, the Court finds that a monetary sanction in the amount of $200.00 should be imposed for Mota's repetitious federal filings challenging his conviction and sentence entered in *U. S. v. Mota*, 1:05-cr-1301 (S.D. N.Y. Jan. 30, 2007). *See e.g., In re Rich*, No. 07-30650 (5th Cir. Sep. 5, 2007)(imposing monetary sanction of $250.00 for federal prisoner's repetitive motions seeking authorization to file a

successive § 2255 motion, noting that "[b]ecause Rich failed to heed [a prior] warning, we now impose a monetary sanction.").

### C. Other Possible Grounds for Relief

The Court further finds that to the extent this latest petition can *possibly* be construed as asserting any non-repetitive habeas claims, such claims are properly pursued in a § 2255 petition and dismissal for failure to satisfy the requirements of the savings clause is proper. *See Reyes-Requena v. United States,* 243 F.3d 893, 900-01 (5th Cir. 2001); *Pack v. Yusuff,* 218 F.3d 448, 452-53 (5th Cir. 2000). Any non-repetitive habeas claims *possibly* asserted in this petition will be dismissed with prejudice as to the jurisdictional issue and without prejudice in all other respects.

### III. Conclusion

The Court finds that this petition, which is Mota's sixth habeas petition filed pursuant to 28 U.S.C. § 2241 in the Southern District of Mississippi, is repetitive to Mota's previous habeas cases. As such, it will be dismissed as an abuse of the writ. Further, the Court finds that to the extent this petition possibly asserts any non-repetitive habeas claims, such claims are properly pursued in a § 2255 petition and Mota has failed to meet the requirements to proceed under the savings clause. Accordingly, it is hereby,

**ORDERED AND ADJUDGED** that the repetitive claims presented in this habeas petition are deemed to be an abuse of the writ.

**IT IS FURTHER ORDERED AND ADJUDGED** that Elvis Mota is required to pay a monetary sanction in the amount of $200.00, payable to the United States District Court for the Southern District of Mississippi, c/o Clerk of Court, 501 E. Court St., Suite 2.500, Jackson, MS 39201. Mota is directed to submit a cover letter with his payment clearly stating that payment is for the sanction issued in civil action number 5:13-cv-207-DCB-MTP.

**IT IS FURTHER ORDERED AND ADJUDGED** that Mota is cautioned that if future habeas petitions are repetitive or raise issues already decided by the Court, these petitions will be found to be an

abuse of the writ and will lead to the imposition of sanctions, including but not limited to **increased monetary fines** or restrictions on his ability to file *pro se* actions in this Court.

    A separate Final Judgment in accordance with this Memorandum Opinion and Sanction Order will be issued.

    SO ORDERED, this the  30th  day of October, 2013.

                       s/David Bramlette  
                       UNITED STATES DISTRICT JUDGE